UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERIC TAYLOR AND GAIL TAYLOR, as Parents and Guardians of their minor children J.T. and A.T., )<br><br>Plaintiffs, )<br>vs. )  1:06-cv-913-SEB-VSS<br>)<br>MARION COUNTY CIRCUIT NO. 1, )<br>Judge Theodore M. Sosin, )<br>SAMUEL L. JACOBS, Attorney, )<br>and WILLIAM W. HURST, Attorney, )<br>)<br>Defendants. ) | |

### Entry Denying Motion for Temporary Restraining Order and Directing Plaintiffs to Show Cause

"[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris,* 401 U.S. 37, 45 (1971). *Younger* has "come to mean that absent unusual circumstances, a federal court must refrain from entertaining injunctive relief which might interfere with the officers or judicial process of state courts and administrative agencies when important state interests are involved." *Barichello v. McDonald,* 98 F.3d 948, 954 (7th Cir. 1996). The Court of Appeals explained that "The *Younger* abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden,* 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 436-37 (1982), and *Majors v. Engelbrecht,* 149 F.3d 709, 711 (7th Cir. 1998)).

Plaintiffs Eric and Gail Taylor, on their own behalf and on that of their minor children, have filed this civil rights action against a state court, against the judge of that court, and against the other parties to a lawsuit pending in that case. The Taylor's lawsuit in this court has been filed for the apparent purpose of causing modification of the discovery and summary judgment briefing schedule in the state court. Because in this case each of the elements necessary to apply the *Younger* abstention doctrine are present, this purpose is entirely inapt to the exercise of federal court jurisdiction while the related state court case is pending.

Consistent with the foregoing, the Taylor's motion for a temporary restraining order and for a preliminary injunction filed on June 9, 2006, as supplemented on June 16, 2006, is **denied,** and the Taylors shall have **through July 17, 2006,** in which to **show cause** why the action should not be dismissed. *Hoskins v. Poelstra,* 320 F.3d 761, 762 (7th Cir. 2003)("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service.") (citing *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999)).

**IT IS SO ORDERED.**

Date: 06/26/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Eric Taylor
2864 Galahad Drive
Indianapolis, IN 46228

Gail Taylor
2864 Galahad Drive
Indianapolis, IN 46228